UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:05-cv-00050DDN ) |
| CITY OF FERGUSON, WILLIAM MUDD, KEVIN HAMMOND AND PAUL BILLINGS, | ) ) ) ) |
| Defendants. | ) ) |

## *DEFENDANTS' COMPLIANCE WITH ORDER RELATING TO TRIAL - TRIAL BRIEF*

COME NOW defendants, Sergeant William Mudd, Detective Kevin Hammond and Officer Paul Billings, by and through counsel, and for their compliance with the Order of Court Relating to Trial, state as follows:

### *V.  TRIAL BRIEF*

Plaintiff Johnnie Jackson brings this action against three City of Ferguson Missouri Police Officers for alleged violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff also brings state tort law claims of battery and for negligent and intentional infliction of emotional distress under Missouri law. Plaintiff asserts that he was subjected to unnecessary application of force by the defendant Ferguson police officers on or about September 26, 2004 when plaintiff was in Ferguson police custody following his arrest for petty larceny at the Ferguson Wal-Mart.

Plaintiff's original Complaint named the City of Ferguson and un-named "John Doe" police officers as defendants. On January 9, 2006, the plaintiff voluntarily dismissed the "John

Doe" police officers. On October 23, 2006, this Court granted Summary Judgment to the defendant City of Ferguson on all counts and also granted the plaintiff leave to amend his Complaint to name the above-referenced Ferguson police officers individually. On November 1, 2006, plaintiff filed his First Amended Complaint against Ferguson Police Officer defendants William Mudd, Kevin Hammond, and Paul Billings.

The defendants deny using any excessive or unnecessary force against the plaintiff. The defendants assert that after plaintiff's arrest by another Ferguson officer, the plaintiff complained he was having difficulty breathing. Defendants Billings and Hammond were called into the station to remove the plaintiff from his cell. Plaintiff was allowed to use the telephone to call home for medication for asthma. After plaintiff was unable to obtain his medication from home, Sergeant Mudd called an ambulance for plaintiff and plaintiff was taken to Barnes Hospital. At no time was plaintiff mistreated or did plaintiff complain of mistreatment by any of the Ferguson officers.

## *I.     Excessive Force- 42 U.S.C. § 1983*

In Count I, plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against the defendants, alleging that the defendants used excessive force against plaintiff in violation of the Fourth Amendment to the United States Constitution brought under 42 U.S.C. § 1983.

The basis for plaintiff's complaint in Count I is his allegation that while he was at the Ferguson Municipal jail, one of the defendants entered the cell, kicked plaintiff in the buttocks and dragged him by his arms out of the cell to a room near the "booking room." In this room, plaintiff asserts that another one of the defendants straddled him and hyper-extended his neck, stepped on his left hand, and stepped on his face into the concrete floor. Plaintiff testified in his deposition that he does not know which of the defendant officers allegedly made this physical

2

00390017.DOC;1

contact with him. Plaintiff alleges that he was then transported by ambulance to Barnes-Jewish Hospital for injuries sustained as a result of this incident.

The defendants contend that absolutely no force--unreasonable, excessive, or otherwise--was used against the plaintiff during his brief detention at the City of Ferguson Municipal jail. The defendants assert that another Ferguson police officer arrested the plaintiff at Wal-Mart on September 26, 2004 on probable cause that plaintiff was stealing and for outstanding active warrants. Defendants testified in their respective depositions that they did not commit any acts of brutality against plaintiff, nor did they witness plaintiff being dragged, hit, or stepped on.

The defendants contend that no physical contact occurred except to assist plaintiff off the cell floor after he complained that he was suffering from an asthma attack. One of the defendants asked if plaintiff had someone they could call to obtain his medication. Plaintiff then walked on his own to a room with a telephone where a telephone call was made to obtain his asthma inhaler. When the inhaler could not be located, a City of Ferguson employee then called an ambulance because plaintiff stated that he was having trouble breathing. Shortly thereafter, plaintiff was released from custody and transported via ambulance to Barnes Jewish Hospital.

## *II.     Civil Conspiracy- 42 U.S.C. § 1983*

Plaintiff alleges in Count II of his Complaint that the defendants "covered up" their acts of excessive force and that this conduct was "willful and exhibited a flagrant disregard for plaintiff's federally secured due process rights." Plaintiff alleges that defendant violated his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants believe that Plaintiff is asserting a civil conspiracy claim under 42 U.S.C. § 1983.

To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show that the defendant conspired with others to deprive him or her of a constitutional right; that

3

at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. *Id.*

In this case, the defendants deny that any excessive force was used against the plaintiff and that the plaintiff can present no credible evidence to support his claim for 4th Amendment violations or conspiracy.

### III. Battery- Missouri tort law

In Count III of plaintiff's Complaint, he pleads a state law claim for the tort of battery. Under Missouri law, a battery occurs when there is an intended, offensive, bodily contact with another. *Martin v. Yeoham*, 419 S.W.2d 937, 946 (Mo. Ct. App. 1967).

Defendants maintain that no battery occurred and that the plaintiff will be unable to produce any credible evidence to prove that excessive force was used against him by the defendants. As a result, the defendants assert that they cannot be held liable on plaintiff's battery claim.

### IV. Negligent Infliction of Emotional Distress- Missouri tort law

In Count IV of plaintiff's Complaint, he pleads the state law claim of negligent infliction of emotional distress. However, plaintiff is unable to establish each and every element required to succeed on such a claim.

In order to recover on a negligent infliction of emotional distress theory, plaintiff must prove: (1) the defendants should have realized that their conduct involved an unreasonable risk of causing distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity to be medically significant. *St. Anthony's Medical*

*Center v. H.S.H.*, 974 S.W.2d 606, 612 (Mo. App. 1998), citing *Bass v. Nooney*, 646 S.W.2d 765, 772-73 (Mo. 1983). Recovery for an emotional disturbance alone, without bodily harm or other compensable damage, is precluded. *Wilson v. Sears, Roebuck, and Co.*, 757 F.2d 948, 950.

Plaintiff has not endorsed any medical expert or any other expert to testify in this lawsuit. Moreover, he admits in his deposition that the basis of his alleged mental anguish and emotional injuries from this incident is that he now has a "fear of the police". *Jackson Deposition, page 133, lines 20-22*. However, nearly eighteen months later at the time of his deposition, plaintiff had not sought <u>any</u> treatment by a psychiatrist or therapist for emotional injuries allegedly sustained because of the defendants' conduct. *Jackson Deposition, page 112, lines 15-16*. Additionally, the plaintiff has never taken any medications for his alleged emotional distress. *Jackson Deposition, page143, lines 14-16*.

Plaintiff further testifies that the mental anguish and emotional trauma has caused him physical pain only in the sense that it has "hurt his pride." *Jackson Deposition, page 134, lines 6-7*. Therefore, plaintiff cannot prove that his alleged emotional distress or mental injury falls into the narrow category of a "medically diagnosable injury," failing the second element of a negligent infliction of emotional distress claim. Additionally, recovery for such vague emotional disturbances such as "fear of the police" and "hurt pride" is precluded in an action for negligent infliction of emotional distress as a matter of law under *Wilson*.

### V. *Intentional Infliction of Emotional Distress- Missouri tort law*

Plaintiff also asserts the state law claim of intentional infliction of emotional distress in Count V of his Complaint. He alleges that the conduct of the defendants was "extreme and outrageous." However, plaintiff is unable to sustain the burden of proving each and every element required for recovery. Additionally, the officers are protected from liability to the

plaintiff by the doctrine of official immunity.

To sue for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendants' conduct was extreme or outrageous; (2) the defendants acted in an intentional or reckless manner; and (3) the defendants' acts caused plaintiff severe emotional distress that resulted in bodily harm. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. banc 1993). The courts in *A.R.B. v. Elkin*, 98 S.W.3d 99, 104 (Mo. App. 2003) and *Hayes v. Dunn*, 709 S.W.2d 164 (Mo. App. 1986), held that plaintiff must establish a medically diagnosable condition of sufficient severity to be considered "medically significant" to satisfy the last element of an intentional infliction of emotional distress claim. Additionally, the court stated in *Hayes*, that nausea and loss of sleep are insufficient to fit the "severe emotional distress" required to establish an intentional infliction of emotional distress claim. *Id.* at 165.

Plaintiff's own testimony belies his ability to recover from the defendants on this tort theory. There is no evidence that plaintiff can show the defendants' alleged acts have caused him severe emotional distress that resulted in bodily harm. Plaintiff has testified that the only "bodily harm" that he has sustained besides his "hurt pride" is that he cannot eat "sometimes" and that he has been unable to sleep "twice" since the incident. *Jackson Deposition, page 145, line 8; page 146, line 17.* These allegations, as in *Hayes*, are insufficient to meet the "medical significant" standard and therefore plaintiff is unable to recover under an intentional infliction of emotional distress theory.

Recently, in an unpublished opinion, the Eighth Circuit predicted that "the Missouri Supreme Court would recognized documented damages need not be proven for the tort of intentional infliction of emotional distress." *Bogan v. GMC*, 2007 U.S. App. LEXIS 20601 (8th Cir. Aug. 29, 2007). In any event, plaintiff has failed to present evidence of symptoms that rise

6

to the level of severe emotional distress causing bodily harm.

/s/Peter J. Dunne
Peter J. Dunne  #31482
Federal Registration No. 3025
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
Tel: (314) 421-5545
Fax: (314) 421-3144
Email: dunne@rabbittlaw.com

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 26th day of December, 2007 to be served by operation of the Court's electronic filing system upon the following: **Anthony D. Gray**, Attorney for Plaintiff, 111 West Port Plaza, Suite 600, St. Louis Missouri 63146.

/s/Peter J. Dunne