**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Johnnie Jackson, <br><br>          Plaintiff, <br><br> v. <br><br> William Mudd, Kevin Hammond, and <br> Paul Billings, <br><br><br>          Defendants. | Case No.: 4:05CV0050DDN <br><br><br> **PROPOSED TRIAL BRIEF** |

**PROPOSED TRIAL BRIEF SUBMITTED BY PLAINTIFF**

Comes now, Plaintiff, Johnnie Jackson, by and through his attorneys, Gray Graham LLP, and hereby submits his proposed trial brief as follows;

I.      Summary of the Facts

This is a civil rights lawsuit brought by Plaintiff Johnnie Jackson, a victim of alleged police brutality. Plaintiff is claiming that the above-named Defendants deprived him of his federal and state constitutional and statutory rights. Specifically, Plaintiff avers conduct by Defendants that is in violation of (1) 42 U.S.C. § 1983 (Excessive Force), (2) 42 U.S.C. § 1983 (Civil Conspiracy), (3) battery, (4) negligent infliction of emotional distress, (5) intentional infliction of emotional distress, and (6) punitive damages.

Plaintiff is a resident of St. Louis County, State of Missouri. The City of Ferguson is a duly chartered city in St. Louis County, State of Missouri and employed

Defendants William Mudd, Kevin Hammond, and Paul Billings in its Ferguson Police Department during all relevant times herein. Each Defendant is being sued in his individual as well as official capacities.

The Fourteenth Amendment to the United States Constitution, which incorporates the Bill of Rights, Section 1, states: "All persons born . . . in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. *No state shall . . . deprive any person of life, liberty, or property, without due process of law*; nor deny to any person within its jurisdiction the equal protection of the laws." (Emphasis supplied.)

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .[.]

On or about September 26, 2004, Plaintiff, accompanied by Felicia Johnson, went to a Wal-Mart Store to purchase a printer cartridge, among other items. As eye-witnessed by Ms. Johnson, Plaintiff went their injury-free, pain-free, and physically fit in every manner whatsoever. There was no bruising to his body, no blood coming from his nose, and no deformity to his limbs. Officers from the Ferguson Police Department took him into custody based on what appears to be false charges and transported him to the Ferguson Police Department. No injuries were noted by Officers during transport.

After being placed in a cell with two other individuals, Plaintiff began experiencing some difficulty with breathing. Other than breathing challenges, no injuries

were noted by Officers during this time.  Plaintiff decided to lie down on the floor in an effort to control his breathing.  At this time, there was *still* no bruising to his body, no blood coming from his nose, and no deformity to his limbs.  Defendants Mudd, Hammond, and Billings subsequently arrived at Plaintiff's cell.  Shortly thereafter, the injuries to Plaintiff's body confirmed that Defendants kicked him in his *gluteus maximus,* hoisted him off the floor by his neck, and commenced to dragging him out of the cell.  Plaintiff was dragged by his neck into another room in close proximity to the "booking room."  In this room, Defendants repeatedly abused Plaintiff as confirmed by his subsequent injuries.  Defendants arranged for Plaintiff to be transported by ambulance to Barnes-Jewish Hospital for medical attention.  Plaintiff advised ambulance personnel, before being transported, that he had been assaulted by Defendants.  Ambulance personnel noted their EMS records.  Upon arrival to Barnes-Jewish Hospital, medical personnel observed and noted that Plaintiff suffered a concussion and contusions to his face, hand, and chest wall, among other injuries.  Plaintiff's only opportunity to receive such injuries was during the time he was face-to-face with Defendants.  Obviously they will deny committing this violation.  But the medical records serve as a camcorder which speaks for itself.

## II.     Summary of the Law

### A.  *Count I (Violation of 42 U.S.C. § 1983)[Use of Excessive Force]*

Defendants William Mudd, Kevin Hammond, and Paul Billings used excessive force against Plaintiff without provocation and without legitimate justification.  The actions of Defendants were performed under color of state law, and violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.  The acts of

3

excessive force by Defendants against Plaintiff were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff. Although they take an obvious stance of denial, the conduct of Defendants was willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights. Plaintiff was physically harmed after entering into police custody and, as a direct result, has suffered the loss of confidence in law enforcement authorities, as well as, shock, shame, and emotional scarring.

B. *Count II (Violation of 42 U.S.C. § 1983)[Cover-Up of Use of Excessive Force]*

Defendants covered up the use of excessive force by distorting evidence, making false statements, denying obvious proof, and by advancing disingenuous versions of events. The actions of Defendants in covering up acts of excessive force against Plaintiff were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff. Said conduct of Defendants was also willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights. Accordingly, these Defendants are liable to Plaintiff under 42 U.S.C. Section 1983 for willfully masking the true version of events surrounding Plaintiff's injuries.

C. *COUNT III (BATTERY)*

On or about September 26, 2004, Defendants caused injury to Plaintiff as noted in medical records immediately after his release from their custody. The injuries were inflicted by Defendants without cause, justification or provocation. Moreover, Defendants' infliction of injuries was unlawful, unwarranted, and unjustified. As a direct and proximate consequence of Defendants' conduct as described herein, Plaintiff has suffered damages.

*D. Count IV (Negligent Infliction of Emotional Distress)*

Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on Plaintiff. Defendants breached their duties. Plaintiff never interfered with Defendants' obligations under the above-described duties. Plaintiff suffered not only physical symptoms but, also, mental injuries due to Defendants' breach of duty. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatologies, such as severe and continuous headaches, as well as, pains of his extremities, shame, anguish, defeat, embarrassment, and humiliation.

*E. Count V (Intentional Infliction of Emotional Distress)*

In the alternative, Defendants intentionally and deliberately inflicted emotional distress on the Plaintiff by interfering with his civil rights. Defendants' conduct was extreme and outrageous, transcending all possible bounds of human decency and was utterly intolerable in a civilized community. Defendants' actions were the cause of Plaintiff's injuries despite their predictable denial of same.

Plaintiff is a reasonable man. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure. Plaintiff was, is, and with a high degree of likelihood will continue to be inflicted with the emotional distress due to the intentional behavior of Defendants. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and with a high degree of likelihood, will continue to suffer mental pain, shame, defeat, anguish, humiliation, and other severe emotional trauma.

*F. COUNT VI (PUNITIVE DAMAGES)*

5

Defendants' conduct as described in Counts I, II, III, IV, and V was outrageous because of Defendants' evil motive or reckless indifference to the rights of others. Their blanket denial is further evidence of the evil motive behind their conduct. Defendants Hammond and Billings essentially conceded during their depositions that the allegations submitted by Plaintiff constitutes an excessive use of force and violate the rights secured by the United States Constitution. Their motives therefore to deny truth is unmistakably clear. As a direct and proximate result of the intentional acts of Defendants, Plaintiff suffered severe mental anguish, including shame, grief, defeat, and humiliation. Under these circumstances, the jury should be permitted to punish Defendants to deter others from like conduct.

**Respectfully submitted,**

**GRAY GRAHAM LLP**

/s/ Anthony D. Gray
Anthony D. Gray MO # 97894
Attorney at Law
111 West Port Plaza,
Ste 600
St. Louis, MO 63146
(314) 385-9500 - Phone
(314) 485-4753 - Facsimile
Gray.lawyer@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following attorney of record:

Jessica A. Bushur
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
bushur@rabbittlaw.com

/s/ Anthony D. Gray
_____

Anthony D. Gray