UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05 CV 50 DDN |
| | ) |
| CITY OF FERGUSON, WILLIAM MUDD, | ) |
| KEVIN HAMMOND, and PAUL BILLINGS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**
**REGARDING BILL OF COSTS**

This action is before the court on the motion of defendants William Mudd, Kevin Hammond, and Paul Billings for an order taxing costs. (Doc. 83.) As the prevailing party, defendants maintain that Rule 54(d), Federal Rules of Civil Procedure, entitles them to an award of costs in the amount of $1,275.67. The amount represents the fees for transcripts obtained from the court reporter. Plaintiff Johnnie Jackson did not file a response to defendants' bill of costs.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On January 12, 2005, Jackson filed this suit against the City of Ferguson and other unnamed police officers, alleging a violation of his civil rights under 42 U.S.C. § 1983. He also alleged battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Doc. 1.) On January 18, 2008, the court dismissed the plaintiff's case, with prejudice, after the plaintiff failed to comply with the court's orders. (Doc. 82.)

**II. DISCUSSION**

Under Rule 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Under the rule, there is a presumption that the prevailing party be awarded costs. Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). In fact, a court must articulate a good reason for denying or reducing a prevailing party's request for costs. Baez v. U.S. Dep't of Justice, 684 F.2d 999,

1004 (D.C. Cir. 1982) (en banc).  That said, a district court still retains substantial discretion in awarding costs to the prevailing party.  Greaser v. State of Mo., Dep't of Corrs., 145 F.3d 979, 985 (8th Cir. 1998).

Fees for the transcripts obtained from the court reporter are specifically covered under Rule 54(d).  28 U.S.C. § 1920(2).  Unless the opposing party states a specific objection that a deposition was conducted improperly or prolonged unnecessarily, the deposition costs will be taxed in favor of the prevailing party.  Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984), aff'd, 780 F.2d 20 (8th Cir. 1985).

In this case, defendants' motion for costs involves fees to the court reporter for depositions - expenses specifically authorized by the statute.  In addition, Jackson has not made any specific objections regarding the fees associated with taking the depositions.  The court will award the transcript fees, subject to the following.

Certain costs should be subtracted from the deposition transcript charges.  Section 1920 does not authorize taxing postage and delivery expenses.  Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889-90 (8th Cir. 2006); Hodak v. City of St. Peters, No. 4:04 CV 1099, 2007 WL 674249, at *3 (E.D. Mo. Feb. 28, 2007); Hollenbeck, 605 F. Supp. at 439.  As a result, the postage and handling fees of $27.42 [1] are deducted.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendants William Mudd, Kevin Hammond, and Paul Billings for costs (Doc. 83) is granted in part and denied in part.

**IT IS HEREBY ORDERED** that defendants William Mudd, Kevin Hammond, and Paul Billings recover the sum of $1,248.25 from plaintiff Johnnie Jackson as costs.

                                              /S/   David D. Noce
                                      **UNITED STATES MAGISTRATE JUDGE**
Signed on February 26, 2008.

---

[1] See Doc. 83 Ex. A-$8.00, Ex. B-$8.50, and Ex. C-$10.92.